**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 6 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

VAN COTT, BAGLEY,
CORNWALL & MCCARTHY,

      Appellant,

v.

DAVID R. WILLIAMS,

      Appellee.

No. 02-4245
(D.C. No. 2:01-CV-365-PGC)
(D. Utah)

---

ORDER AND JUDGMENT    *

---

Before **SEYMOUR** , Circuit Judge,  **BRORBY** , Senior Circuit Judge, and **HENRY** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Van Cott, Bagley, Cornwall & McCarthy, a Utah law firm, appeals from the district court's order affirming a decision of the United States Bankruptcy Court. Van Cott, which had represented debtor David R. Williams in state court litigation, filed a proof of claim for $387,836.52 in unpaid attorney's fees. The estate objected to the amount of the claim and supported its objection with an expert report, prepared by Benson L. Hathaway, a Utah attorney.

The report was based on Mr. Hathaway's review of Van Cott's billing statements, followed by an examination of the pleadings, documents, and transactions related to amounts he found questionable. At a hearing during which Mr. Hathaway testified, the bankruptcy court initially expressed doubt about the factual foundation and methodology underlying the expert report. After counsel for the estate laid additional foundation, the court admitted the report. Ultimately, the court accepted the report's recommendations (with an exception related to interoffice conferences) and reduced the amount of Van Cott's claim to $185,726.29. Van Cott unsuccessfully appealed the reduction in amount to the district court, then brought this appeal. We exercise our jurisdiction and affirm.[1]

---

[1] This court issued a show cause order requiring appellant to demonstrate that we have appellate jurisdiction to review the district court's order. Having reviewed the filings of the parties, we conclude that the district court order is a final order for purposes of appeal and that we have jurisdiction under 28 U.S.C. § 158(d).

Van Cott asserts that the bankruptcy court improperly admitted and credited the expert report and testimony. The question of whether the bankruptcy court applied the proper legal test in evaluating the expert opinion is reviewed de novo and the court's subsequent evidentiary ruling is reviewed under the abuse of discretion standard. *Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1335 (10th Cir. 2004).[2] Van Cott's issues on appeal implicate both types of review.

The law firm first contends that the bankruptcy court did not adequately perform the Fed. R. Evid. 702 gatekeeper function established by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). When expert testimony is proffered, the trial judge must, at the outset, "assess the reasoning and methodology underlying the expert's opinion and determine whether it is scientifically valid" and relevant to the case at hand. *Goebel v. Denver & Rio Grande W. R.R.*, 215 F.3d 1083, 1087 (10th Cir. 2000).

Van Cott argues that Mr. Hathaway did not conduct a sufficient examination of the documents generated in the state court case to gain an appreciation of the case's complexity and contentiousness. Thus, the law firm argues, Mr. Hathaway's report and testimony lacked a factual foundation. In our

---

[2] We analyze this appeal under the same standards of review that governed the district court's review of the bankruptcy court's ruling. *See Connolly v. Harris Trust Co. of Cal. (In re Miniscribe Corp.)*, 309 F.3d 1234, 1240 (10th Cir. 2002).

de novo review of this legal issue, however, we determine that the bankruptcy court carefully reviewed the Hathaway report to assure that it was relevant, reliable, and based on valid reasoning and methodology. The bankruptcy court pointed out foundational flaws, then heard additional testimony on Mr. Hathaway's analytical process. The bankruptcy court did not err in carrying out its gatekeeper role.

Van Cott also attacks the bankruptcy court's admission of Mr. Hathaway's opinion evidence. Since we have concluded that the court properly acted as a gatekeeper, the appropriate inquiry becomes whether the court correctly applied the *Daubert* standard in determining admissibility. "[T]o warrant reversal," the record must show that the evidentiary decision "must be characterized as manifestly erroneous." *Goebel v. Denver & Rio Grande W. R.R.*, 346 F.3d 987, 1000 (10th Cir. 2003) (citing *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142-43 (1997)). Based on the record before us, we see no abuse of discretion in the court's decision to admit Mr. Hathaway's opinion evidence.

The judgment of the district court is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge

-4-